**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 21-14-SDD-RLB

KENTRELL D. GAULDEN

# RULING

This matter is before the Court on the *Motion for Review of Magistrate Judge's Bond Decision*[1] filed by the United States. Defendant, Kentrell Gaulden, ("Gaulden") filed an *Opposition* to the *Motion*.[2] This *Ruling* provides the written reasons for the Court's *Order*[3] that granted the United States' *Motion* and vacated the bond order issued by the Magistrate Judge.

## I. FACTUAL BACKGROUND

On September 28, 2020, officers of the Baton Rouge Police Department responded to a call about a group of people brandishing firearms and arrested Kentrell Gaulden for, among other things, possessing a firearm as a felon.[4] On March 10, 2021, a grand jury in the Middle District of Louisiana handed down an indictment charging Gaulden with knowing possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and possession of firearm that was not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d).[5] An arrest warrant issued, and Gaulden was apprehended in the Central District of California on

[1] Rec. Doc. No. 9.
[2] Rec. Doc. No. 16.
[3] Rec. Doc. No. 18.
[4] Rec. Doc. No. 15-3, p.36–37.
[5] Rec. Doc. No. 1.

March 22, 2021.[6] According to the police report from the California arrest, there was a firearm in Gaulden's vehicle.[7] The Magistrate Judge in the Central District of California issued a bond Order that allowed Gaulden pretrial release subject to certain conditions and bond requirements. The Magistrate Judge stayed the Order's effective date, and the United States challenged the conditions of bail set by the Magistrate Judge and asked this Court to order Gaulden detained until trial.[8]

## II. LAW AND ANALYSIS

### A. Law

#### 1. Standard of Review

Pursuant to 18 U.S.C. § 3145(a), this Court has the authority to review a Magistrate's order releasing a defendant in a federal criminal case. Review of a Magistrate's bond or detention order is *de novo*, and the Court must make an independent determination of the need for pretrial detention or conditions for release.[9] The district court may consider "additional evidence adduced before it" that the Magistrate did not consider.[10]

#### 2. Legal Standard for Detention

This is not a case where the presumption of detention arises, and the provisions of the Bail Reform Act require release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will

[6] Rec. Doc. No. 8.
[7] Rec. Doc. No. 15-9, p. 3.
[8] Rec. Doc. No. 9.
[9] *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).
[10] *Fortna*, 769 F.2d at 250; *United States v. Hensler*, 18 F.3d 936 at * 2 (5th Cir. 1994).

endanger the safety of any other person or the community."[11] If release on personal recognizance or unsecured personal bond under 18 U.S.C. § 3142(b) will not reasonably assure the defendant's appearance and the safety of the community, release should be ordered with the least restrictive conditions that will meet those objectives.[12] Only if no condition or combination of conditions exist that will reasonably assure the defendant's appearance and the safety of the community should the defendant be detained.[13] The government bears the burden of proving by clear and convincing evidence that "no condition or combination of conditions will reasonably assure…the safety of any other person and the community.[14] The factors to be considered are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release.[15]

**B. Analysis**

The Court agrees with the Magistrate Judge's determination that the bond conditions set will reasonably assure Gaulden's appearance as required. However, as analyzed below, the Court concludes that there are no conditions or combinations of conditions that will ameliorate the risk to the public if Gaulden is released.

The United States has not provided the Court with a transcript or recording of the proceedings before the Magistrate Judge—despite assurances it would.[16] However, both parties have briefed the issue and provided exhibits in support of their respective

[11] 18 U.S.C. § 3142(b).
[12] 18 U.S.C. § 3142(c).
[13] 18 U.S.C. § 3142(e).
[14] *United States v. Bruteyn*, 350 F. App'x 965, 966 (5th Cir. 2009).
[15] 18 U.S.C. § 3142(g).
[16] Rec. Doc. No. 9, p. 4.

positions. Given the weight of the United States' evidence in favor of detention, and this Court's charge to conduct an "independent determination of the proper pretrial detention or conditions for release,"[17] the Court finds that review of the transcript of the detention hearing proceedings below is unnecessary because the evidence presented clearly and convincingly establishes that "no condition or combination of conditions will reasonably assure…the safety of any other person and the community."[18]

Gaulden is charged with knowing possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and possession of firearm that was not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d).[19] Although the former is a "status" crime, in this particular case, the charge is reflective of a pattern of offenses that did not begin and end with the events giving rise to the current indictment. The fact that a firearm was allegedly found in Gaulden's vehicle upon his arrest illustrates this point and weighs in favor of detention.[20]

The United States' evidence in this case is strong. The United States submitted photographs of Gaulden holding firearms that match the description of those in described in the Indictment.[21] While these photographs are undated and have not been authenticated, the United States represents that the images are evidence of the offense conduct. Moreover, the Baton Rouge Police Department report of the September 2020 arrest indicates that numerous firearms were found at the scene of that arrest.[22] The

[17] *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992).
[18] *United States v. Bruteyn*, 350 F. App'x 965, 966 (5th Cir. 2009).
[19] Rec. Doc. No. 1.
[20] Rec. Doc. No. 15-9, p. 3.
[21] Rec. Doc. No. 15-4, 15-5, and 15-6.
[22] Rec. Doc. No. 15-3, p. 85, 129.

report also indicates that there are numerous pictures and videos of the events leading up the arrest, including pictures of persons, alleged to be felons, possessing firearms.[23]

Two factors—Gaulden's history and characteristics and the nature and seriousness of the danger posed by Gaulden's release—are closely related. U.S. Probation and Pre-Trial Services provided the Court with sealed, relevant information germane to Gaulden's characteristics and history, which reflect a pattern of violent behavior stretching back several years. The Court also notes that based on their investigation into Gaulden's history and background, U.S. Probation and Pre-Trial Services recommended detention. The exhibits offered by the Government, particularly the testimony from Gaulden's June 2019 state probation revocation proceeding and the U.S. Probation and Pre-Trial Services report, convincingly satisfy the Court that there is a serious risk of danger to the public if Gaulden is released.

The circumstances of Gaulden's arrest in California on the instant indictment are also relevant to the danger posed by his release. According to the Los Angeles Police Department report of the arrest, Gaulden initially yielded to the arresting officers, but then led them on a brief high-speed chase.[24] Gaulden at some point abandoned his vehicle and attempted to evade officers on foot.[25] He was eventually located, and as previously mentioned, a firearm was reportedly found in his vehicle.[26] The Fifth Circuit has stated that, where there is probable cause to believe a defendant committed a felony while on pretrial release, there is a rebuttable presumption that the defendant is a danger to the

---

[23] *Id*. at 129.
[24] Rec. Doc. No. 15-9, p. 3.
[25] *Id*.
[26] *Id*.

community.[27] While the facts here are dissimilar in that Gaulden was under indictment when the firearm was allegedly discovered in his vehicle, the Fifth Circuit's reasoning applies. Moreover, the circumstances of his arrest indicate he is inclined toward reckless, illegal, dangerous behavior. His purported possession of a firearm at the time of his arrest indicates a continued disregard for the law and evidences a certain nonchalance to his violation of it.

Gaulden was on state probation during 2019. He argues that since he successfully completed his probation term, this is evidence that there are conditions that could ensure the safety of the community.[28] The Court is unpersuaded by this argument. The Court has reviewed the transcript of Gaulden's revocation hearing held on June 21, 2019.[29] Evidence was presented that Gaulden had violated the terms of his probation in several ways, including an act of violence. The fact that the state court ultimately imposed additional restrictions on Gaulden in lieu of incarceration does not persuade the Court that Gaulden is not a risk to the community. The testimonial evidence put forth at the revocation hearing is probative of a history of violence.

Notably, the events giving rise to the instant case arose less than one year after the termination of Gaulden's state probation,[30] and Gaulden has continued to show a penchant for allegedly possessing firearms he knows he cannot possess. While felon in possession is a "status" crime, Gaulden's criminal history and demonstrated reckless behavior indicate that his possessing a firearm poses a dangerous risk to the community. Based on the record before it, the Court concludes that there are no conditions or

---

[27] *United States v. Moreno*, 857 F.3d 723, 726 (5th Cir. 2017).
[28] Rec. Doc. No. 16, p. 3.
[29] Rec. Doc. No. 15-2.
[30] Rec. Doc. No. 16, p. 3.

combination of conditions that could be imposed that would dissuade Mr. Gaulden from illegally possessing firearms, which would cause a serious risk to public safety.

Gaulden has demonstrated a pattern of violence that indicates he is a danger to the community, and the United States has carried its burden of demonstrating by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## III. CONCLUSION

In accordance with the Court's *Order Granting the Motion for Review of Magistrate Judge's Bond Decision*,[31] Gaulden is ordered detained pending trial, without prejudice to his re-urging arguments in support of pretrial release, should it become appropriate.

Signed in Baton Rouge, Louisiana on April 1, 2021.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

[31] Rec. Doc. No. 18.