# 19TH JUDICIAL DISTRICT COURT
# PARISH OF EAST BATON ROUGE
# STATE OF LOUISIANA

Case Number:                              WARRANT NUMBER:
                                          85635-20

## APPLICATION FOR SEARCH WARRANT

I, **Logan Collins**, with the Baton Rouge Police Department, certify under oath and penalties of perjury that probable cause does exist for the issuance of a search warrant authorizing the search of the following computer/electronic device described as:

sandisck transflash SD card and SD Palaroind SD card
where may exist evidence of the crime(s) of

1 Count of RS40:966A(MARIJUANA)--Distribution/Possession with the Intent to Distribute Marijuana, or synthetic cannabinoids-- (FELONY)
1 Count of RS14:95.1--Possession of Firearm by Person Convicted of Certain Felonies-- (FELONY)
1 Count of RS14:95 E--Illegal Carry of Weapons;Crime or CDS (Felony)-- (FELONY)

to wit:

1. Photographs, videotapes, compact disks, floppy disks, flash memory, memory sticks, digital camera(s), digital storage media of any kind and films.

2. The following items used on the above named premises in support of the crime(s) aforesaid:

(a) Any and all electronic devices that are capable of analyzing, creating, displaying, converting, or transmitting electronic or magnetic computer impulses or data that are used by, owned by or accessed by . These devices include, but are not limited to, computers (including self-contained "laptop" or "notebook" computers), computer components, computer peripherals, word processing equipment, modems, monitors, printers, keyboards, acoustic couplers, cables, plotters, encryption circuit boards, optical scanners, external hard drives, and other computer-related electronic or physical devices that serve to transmit or receive information to or from a computer.

(b) Any and all information and/or data stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer or with the aid of computer-related equipment. This media includes, but is not limited to, floppy diskettes, fixed hard disks, removable hard disk cartridges, zip disks, compact disk (CD) storage devices, tapes, laser disks, videocassettes, and any other media that is capable of storing magnetic coding.


DEFENDANT'S EXHIBIT D80

Wednesday, October 07, 2020 13:11

(c) Any and all instructions or programs stored in the form of electronic or magnetic media that are capable of being interpreted by a computer or related components. The items to be seized include, but are not limited to, operating systems, application software (like word processing, graphics, or spreadsheet programs), utility programs, compilers, interpreters, communications programs, and any other programs or software used to communicate with computer hardware or peripherals either directly or indirectly via telephone lines, radio, or other means of transmission.

(d) Any documentation that proves ownership or maintenance of control of electronic or computer-related equipment, programs, data, or other information relating to same, including correspondence, invoices, computer printouts, and similar items.

(e) Memory telephones, automatic dialing devices, telephone answering machines, or any other electronic device used for the electronic storage of names, addresses and phone numbers.

are believed to be secreted or concealed, and such probable cause is based upon the following:

On September 28, 2020 at approximately 1600 hours, myself, along with the Street Crimes unit received information from a reliable source that subjects affiliated with the street gang "Never Broke Again" (NBA), and "Bottom Boy Guerillas " (BBG) were at 3866 Chippewa St. (an abandoned residence) and the abandoned lot located on the East Side of the mentioned abandoned residence filming a rap video, brandishing firearms. Upon arrival, officers observed several subjects at the mentioned location and when they saw us three subjects fled on foot and others opened vehicle doors, and then shut them immediately. The ones that didn't run walked away from the vehicles. The three subjects that fled on foot were apprehended. A search of the immediate area resulted in located approximately 8 to 9 firearms, and a small amount of narcotics. Search warrants were written and approved by the honorable Foxworth. A search of the vehicles resulted in locating approximately 5 to 6 more firearms and more narcotics. One of the subjects that ran was identified as Marvin Ramsey, in his possession was a Sony 7R digital camera (3388629), the camera used to film the rap video. Due to the several subjects in custody being convicted felons and the narcotics the camera footage needs to be seen to see who possessed which firearms that were located on scene. Ramsey was also found in possession of a Glock 21 .45 caliber handgun. Detectives would locate two SD cards in a 2013 Dodge Ram (C071975) that was search after obtaining a search warrant for the vehicle. It should be noted that two firearms were located inside of the vehicle along with the SD cards during the search. Detectives are requesting a search of the SD cards (sandisck transflash and SD Palaroind) to determine if there is video, photographic or any other evidence indicating if any of the convicted felons were in possession of the firearms or any other contraband.

Affiant advises the court; that dependent upon scheduling and technical issues, the examination of the aforementioned electronic data may be extended beyond the 10 day limitation typically placed upon execution of a search warrant and that electronic data

Wednesday, October 07, 2020 13:11

exceeding the scope of the items to be searched for will be "imaged" and may be viewed during the technical search for the item enumerated above.

As described in this affidavit, computer hardware, software, and data are instrumentalities and evidence in the commission of this crime. Based on my training and experience, I know that searching and seizing information from computers requires all electronic storage devices (along with related peripherals) to be searched later by qualified computer experts in a controlled environment. A search of computer records will need to be conducted off-site. An off-site search is necessary because computer storage devices (like hard disks, diskettes, tapes, laser disks) can store the equivalent of thousands of pages of information. Additionally, a suspect may try to conceal criminal evidence; he/she might store it in random order with deceptive file names. This may require searching authorities to examine all the stored data to determine which particular files are evidence or instrumentalities of crime. This sorting process can take weeks or months, depending upon the volume of data stored, and it would be impractical to attempt this kind of data search on site. Further, searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert is qualified to analyze the system and its data. Data search procedures are exacting scientific procedures designed to protect the integrity of the evidence and to recover even "hidden", erased, compressed, password protected, or encrypted files. Since computer evidence is extremely vulnerable to inadvertent or intentional modification or destruction (both from external sources or from destructive code imbedded in the system as a "booby trap") a controlled environment is essential to its complete and accurate analysis. Based on my training and experience and consultation with technical computer experts, I know that searching computerized information for evidence or instrumentality's of crime commonly requires the seizure of all of a computer system's input/output peripheral devices (including related documentation, passwords, and security devices) so that a qualified computer expert can accurately retrieve the system's data in a controlled environment. Peripheral devices which allow users to enter and retrieve data from storage devices vary widely in their compatibility with other hardware and software. Many system storage devices require particular input/output devices in order to read the data on the system. It is important that the analyst be able to properly retrieve the evidence listed above. In addition, the analyst needs the relevant system software (operating systems, interfaces, and hardware drivers) any applications software which may have been used to create the data (whether stored on hard drives or on external media), as well as all related instruction manuals or other documentation and data security devices.

       THAT writ to search the aforesaid location and/or item is requested, and when the thing to be searched is a dwelling or other structure, that the writ to search includes all other structures, vehicles and places of concealment on the premises where the thing(s) may be found.

Wednesday, October 07, 2020 13:11

*Logan Collins*

_____
Logan Collins
Baton Rouge Police Department

Sworn to and subscribed before me, this 7 day of October , 2020 at 01:11:53 PM in EAST BATON ROUGE Parish, Louisiana.

*Fred T Crifasi*

_____
Judge Fred T Crifasi
**19TH    JUDICIAL    DISTRICT COURT**
**Parish of EAST BATON ROUGE**
**State of Louisiana**

Wednesday, October 07, 2020 13:11

# 19TH JUDICIAL DISTRICT COURT
# PARISH OF EAST BATON ROUGE
# STATE OF LOUISIANA

**CASE NUMBER:**   **WARRANT NUMBER:**
                  85635-20

# SEARCH WARRANT

TO LAW ENFORCEMENT OFFICERS in and for the Parish aforesaid:

WHEREAS an affidavit has been made to me under oath by Logan Collins, Investigator for Baton Rouge Police Department, affiant, for a Search Warrant, and I am satisfied that probable cause exists and that evidence of the crime of
1 Count of RS40:966A(MARIJUANA)--Distribution/Possession with the Intent to Distribute Marijuana, or synthetic cannabinoids-- (FELONY)
1 Count of RS14:95.1--Possession of Firearm by Person Convicted of Certain Felonies-- (FELONY)
1 Count of RS14:95 E--Illegal Carry of Weapons;Crime or CDS (Felony)-- (FELONY)
may be found, to wit:

**THEREFORE, IN THE NAME OF THE PEOPLE OF THE STATE OF LOUISIANA**, I order and command that you search during the day and night, Sundays and Holidays, continuing through the night or next day, the following described item:

sandisck transflash SD card and SD Palaroind SD card
Which is/was used by, owned by or accessed by:

Affiant requests the issuance of a search warrant and to seize and examine electronic data including, but not limited to:

1. Photographs, videotapes, compact disks, floppy disks, flash memory, memory sticks, digital camera(s), digital storage media of any kind and films.

2. The following items used on the above named premises in support of the crime aforesaid:

(a) Any and all electronic devices that are capable of analyzing, creating, displaying, converting, or transmitting electronic or magnetic computer impulses or data that are used by, owned by or accessed by . These devices include, but are not limited to, computers (including self-contained "laptop" or "notebook" computers), computer components, computer peripherals, word processing equipment, modems, monitors, printers, keyboards, acoustic couplers, cables, plotters, encryption circuit boards, optical scanners, external hard drives, and other computer-related electronic or physical devices that serve to transmit or receive information to or from a computer.

Wednesday, October 07, 2020 13:11

(b) Any and all information and/or data stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer or with the aid of computer-related equipment. This media includes, but is not limited to, floppy diskettes, fixed hard disks, removable hard disk cartridges, zip disks, compact disk (CD) storage devices, tapes, laser disks, videocassettes, and any other media that is capable of storing magnetic coding.

(c) Any and all instructions or programs stored in the form of electronic or magnetic media that are capable of being interpreted by a computer or related components. The items to be seized include, but are not limited to, operating systems, application software (like word processing, graphics, or spreadsheet programs), utility programs, compilers, interpreters, communications programs, and any other programs or software used to communicate with computer hardware or peripherals either directly or indirectly via telephone lines, radio, or other means of transmission.

(d) Any documentation that proves ownership or maintenance of control of electronic or computer-related equipment, programs, data, or other information relating to same, including correspondence, invoices, computer printouts, and similar items.

(e) Memory telephones, automatic dialing devices, telephone answering machines, or any other electronic device used for the electronic storage of names, addresses and phone numbers.

(f) Any and all written or printed material that provides instructions or examples concerning the operation of a computer system, computer software, and/or any related device. Paper, documents or any other readable material, whether generated by handwriting, typewriter, computer, or any other device, which relates in any way to communications with any juveniles;

are secreted or concealed, and whereas the affidavit submitted in support of the request for this search warrant indicates that the affiant has shown probable cause for its issuance,

**YOU ARE HEREBY ORDERED** to search the aforesaid location, where evidence of the aforementioned crime(s), and when the thing to be searched is a dwelling or other structure, this writ includes all other structures, vehicles and places on the premises where the things may be found, and if the things specified be found there, to seize and bring them before this Court.

**YOU ARE FURTHER ORDERED** to be searched under the conditions and according to the protocols established by the agency for such computer forensic examination, including consultation with other Law Enforcement Agencies qualified to conduct such examinations, and if the things specified be found during said computer forensic examination, to bring them before this Court,

**AND THAT** the Affiant advises the court; that dependent upon scheduling and technical issues, the examination of the aforementioned electronic data may be extended beyond the 10 day limitation typically placed upon execution of a search warrant and that electronic

Wednesday, October 07, 2020 13:11

data exceeding the scope of the items to be searched for will be "imaged" and may be viewed during the technical search for the item(s) enumerated above.

This shall be your warrant to which you are to make due return according to law.

WITNESS my official signature, this 7 day of October, 2020 at 01:11:53 PM in EAST BATON ROUGE Parish, Louisiana

*Fred T Crifasi*

---
Judge Fred T Crifasi
**19TH JUDICIAL DISTRICT COURT**
**Parish of EAST BATON ROUGE**
**State of Louisiana**

Wednesday, October 07, 2020 13:11