# 19TH JUDICIAL DISTRICT COURT

# PARISH OF EAST BATON ROUGE

# STATE OF LOUISIANA

Case Number:
85635-20

WARRANT NUMBER:
7

## AFFIDAVIT FOR SEARCH WARRANT

I, Joshua Barnett, with the Baton Rouge Police Department, Affiant, now submits to the undersigned Judge authorized to issue warrants in criminal cases, and makes this affidavit, under oath, in support of the issuance of a search warrant, to search the following described item:

Red in color Apple Iphone 10 taken from Nathan Hayes

Which is owned by or currently under the control of:
This device is under the control of Nathan Hayes

Affiant requests the issuance of a search warrant and to seize and examine electronic data including, but not limited to:

1. Any voice messages, text message, phone numbers, pictures, GPS, and other electronic data and or media contained within the hardware or within cloud based storage accessible by the device, or cellular operating system of the cellular phone/electronic device that identifies the owner and or possessor of the cellular phone.
2. Any and all voice messages, text messages, phone numbers, pictures, GPS, and other electronic data and or media contained within the hardware, software, and or microprocessors of the cellular phone/electronic device related to the below listed crimes.
3. Any Voice messages, text message, phone numbers, pictures, GPS, and other electronic data and or media contained within the Mini Secure Digital (MiniSD), MultiMedia Card Mobile (MMCmobile), or any other types of card slots support removable memory cards or specialized peripherals, such as an SDIO Wi-Fi card and or cellular operating system related to the below listed crimes.
4. Any photographs, text messages, phone logs, or GPS information located within the internal memory of the cellular phone/electronic device related to the below listed crimes.
5. Any and all hidden, erased, compressed, password protected, and/or encrypted files as they relate

Tuesday, September 29, 2020 15:40



DEFENDANT'S
EXHIBIT
81

to the below listed crimes.

6. Photographs of the interior and exterior of the cellular phone/electronic device
7. DNA swabs both interior and exterior of the cellular phone/electronic device
8. Latent prints of both interior and exterior of the cellular phone/electronic device
9. Any and all voice messages, text message, phone numbers, pictures, GPS, and other electronic data and or media contained within Wireless communications such as infrared (i.e., IrDA) or Bluetooth that may be built in the device related to the below listed crimes.
10. Personal Information Management (PIM) applications that includes phonebook and date book facilities, and a means to synchronize PIM information with a desktop computer.

Which are believed to contain evidence of the crime(s) of:

1 Count of RS40:966A(MARIJUANA)--Distribution/Possession with the Intent to Distribute Marijuana, or synthetic cannabinoids-- (FELONY)
1 Count of RS40:967A(HYDROCODONE)--Distribution/Possession with the Intent to Distribute Schedule II CDS (Hydrocodone)-- (FELONY)
1 Count of RS14:69.1--Illegal Possession of Stolen Firearms-- (FELONY)
1 Count of RS14:95 E--Illegal Carry of Weapons;Crime or CDS (Felony)-- (FELONY)
1 Count of RS14:95.1--Possession of Firearm by Person Convicted of Certain Felonies-- (FELONY)

Affiant advises the court; that dependent upon scheduling and technical issues, the examination of the aforementioned electronic data may be extended beyond the 10 day limitation typically placed upon execution of a search warrant and that electronic data exceeding the scope of the items to be searched for will be "imaged" and may be viewed during the technical search for the item enumerated above.

Affiant says that he has probable cause to believe that the above-listed information to be seized are now concealed and located within the above-described electronic device, based upon the following facts:

On September 28, 2020 at approiximately 1630 hours, myself along with the Street Crimes Unit received information from a reliable source that the street gangs called "Never Broke Again" (NBA), and "Bottom Boy Guerillas" (BBG) were at an abandoned residence located at 3866 Chippewa St. and also in the empty lot on the east side of the residence making a rap video. It was also stated that they were all branishing firearms at this location. Officers arrived on scene, and was able to apprehend all 16 subjects that were at this location, including the leaders of the above mentioned street gangs Kentrell Gaulden and Joseph Robinson. the mentioned street gangs are known to be extremely violent and involved in several shootings, and in the sales of narcotics. During this investigation, narcotics, a large quantity of U.S currency , and approximately 13 firearms were seized. most subjects were convicted felons, and some firearms were confirmed stolen.

During the course of the investigation, approximately 10 cellphones were taken and placed in evidence due to the trafficking of narcotics, and large amounts of U.S. currency being taken and utilized for the purchasing of illegal firearms, and narcotics. The above mentioned cellphones possibly have important information pertaining to the source of all the illegal transaction and purchasing that these gangs are involved in. I respectfully request permission to be able to gain access into these cellphones to further this investigation and be able to put a stop to these gangs criminal actvity. These gangs supply large quantities of narcotics, and firearms throguhout the city of Baton Rouge and even outside the state.

Tuesday, September 29, 2020 15:40

As described in this affidavit, computer hardware, software, and data are instrumentalities and evidence in the commission of this crime. Based on my training and experience, I know that searching and seizing information from computers requires all electronic storage devices (along with related peripherals) to be searched later by qualified computer experts in a controlled environment. A search of computer records will need to be conducted off-site. An off-site search is necessary because computer storage devices (like cell phone memory and memory cards) can store the equivalent of thousands of pages of information. Additionally, a suspect may try to conceal criminal evidence; he/she might store it in random order with deceptive file names. This may require searching authorities to examine all the stored data to determine which particular files are evidence or instrumentalities of crime. This sorting process can take weeks or months, depending upon the volume of data stored, and it would be impractical to attempt this kind of data search on site. Further, searching computer systems, including cell phones, for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert is qualified to analyze the system and its data. Data search procedures are exacting scientific procedures designed to protect the integrity of the evidence and to recover even "hidden", erased, compressed, password protected, or encrypted files. Since computer evidence is extremely vulnerable to inadvertent or intentional modification or destruction (both from external sources or from destructive code imbedded in the system as a "booby trap") a controlled environment is essential to its complete and accurate analysis. Based on my training and experience and consultation with technical computer experts, many system storage devices require particular input/output devices in order to read the data on the system. It is important that the analyst be able to properly retrieve the evidence listed above. In addition, the analyst needs the relevant system software (operating systems, interfaces, and hardware drivers) any applications software which may have been used to create the data (whether stored on hard drives or on external media), as well as all related instruction manuals or other documentation and data security devices.

The electronic device(s) was (were) collected as evidence due to possible information that is believed to be stored on the electronic devices supporting the aforementioned charges. Information believed to be on the electronic devices consists of contact lists, call log, open/unopened SMS/Text & MMS open/unopened email, open/unopened voicemails, notes, documents, photographs, video, applications and/or any other forms of electronic information. The device is to be searched under the conditions and according to the protocols established by the agency for such computer forensic examination.

*Joshua Barnett*

_____

Joshua Barnett
Baton Rouge Police Department

Tuesday, September 29, 2020 15:40

Sworn to and subscribed to me, this 29 day of September , 2020 at 03:40:11 PM in EAST
BATON ROUGE Parish, Louisiana.


*Tiffany L Foxworth-Roberts*

_____

Judge Tiffany L Foxworth-Roberts
**19TH JUDICIAL DISTRICT**
**COURT**
**Parish of EAST BATON ROUGE**
**State of Louisiana**

Tuesday, September 29, 2020 15:40

# 19TH JUDICIAL DISTRICT COURT
# PARISH OF EAST BATON ROUGE
# STATE OF LOUISIANA

**CASE NUMBER:**
85635-20

**WARRANT NUMBER: 7**

## SEARCH WARRANT

TO:    The within named affiant or any other qualified law enforcement officer, or officers:

Whereas an affidavit has been made to me under oath by Joshua Barnett, with the Baton Rouge Police Department, affiant, for a Search Warrant, and I am satisfied that probable cause exists:

**THEREFORE, IN THE NAME OF THE PEOPLE OF THE STATE OF LOUISIANA,** I order and command that you search during the day and night, Sundays and Holidays, continuing through the night or next day, the following described item:

Red in color Apple Iphone 10 taken from Nathan Hayes

Which is owned by or currently under the control of:
This device is under the control of Nathan Hayes

Affiant requests the issuance of a search warrant and to seize and examine electronic data including, but not limited to:

1. Any voice messages, text message, phone numbers, pictures, GPS, and other electronic data and or media contained within the hardware or within cloud based storage accessible by the device, or cellular operating system of the cellular phone/electronic device that identifies the owner and or possessor of the cellular phone.
2. Any and all voice messages, text messages, phone numbers, pictures, GPS, and other electronic data and or media contained within the hardware, software, and or microprocessors of the cellular phone/electronic device related to the below listed crimes.
3. Any Voice messages, text message, phone numbers, pictures, GPS, and other electronic data and or media contained within the Mini Secure Digital (MiniSD), MultiMedia Card Mobile (MMCmobile), or any other types of card slots support removable memory cards or specialized

Tuesday, September 29, 2020 15:40

peripherals, such as an SDIO Wi-Fi card and or cellular operating system related to the below listed crimes.

4. Any photographs, text messages, phone logs, or GPS information located within the internal memory of the cellular phone related to the below listed crimes.

5. Any and all hidden, erased, compressed, password protected, and/or encrypted files as they relate to the below listed crimes.

6. Photographs of the interior and exterior of the cellular phone/electronic device

7. DNA swabs both interior and exterior of the cellular phone/electronic device

8. Latent prints of both interior and exterior of the cellular phone/electronic device

9. Any and all voice messages, text message, phone numbers, pictures, GPS, and other electronic data and or media contained within Wireless communications such as infrared (i.e., IrDA) or Bluetooth that may be built in the device related to the below listed crimes.

10. Personal Information Management (PIM) applications that includes phonebook and date book facilities, and a means to synchronize PIM information with a desktop computer.

evidence tending to prove the commission of the offense of:

1 Count of RS40:966A(MARIJUANA)--Distribution/Possession with the Intent to Distribute Marijuana, or synthetic cannabinoids-- (FELONY)
1 Count of RS40:967A(HYDROCODONE)--Distribution/Possession with the Intent to Distribute Schedule II CDS (Hydrocodone)-- (FELONY)
1 Count of RS14:69.1--Illegal Possession of Stolen Firearms-- (FELONY)
1 Count of RS14:95 E--Illegal Carry of Weapons;Crime or CDS (Felony)-- (FELONY)
1 Count of RS14:95.1--Possession of Firearm by Person Convicted of Certain Felonies-- (FELONY)

**YOU ARE HEREBY ORDERED** to search the aforesaid cell phones where evidence of the aforementioned crimes may be found, and if the things specified be found there, to seize and bring them before this Court,

**YOU ARE FURTHER ORDERED** to be searched under the conditions and according to the protocols established by the agency for such computer forensic examination, and if the things specified be found during said computer forensic examination, to bring them before this Court,

Affiant advises the court; that dependent upon scheduling and technical issues, the examination of the aforementioned electronic data may be extended beyond the 10 day limitation typically placed upon execution of a search warrant and that electronic data exceeding the scope of the items to be searched for will be "imaged" and may be viewed during the technical search for the item(s) enumerated above.

Tuesday, September 29, 2020 15:40

WITNESS my official signature, this 29 day of September, 2020 at 03:40:11 PM  in EAST
BATON ROUGE Parish, Louisiana

*Tiffany L Foxworth-Roberts*

_____
Judge Tiffany L Foxworth-Roberts
**19TH JUDICIAL DISTRICT COURT**
**Parish of EAST BATON ROUGE**
**State of Louisiana**

Tuesday, September 29, 2020 15:40