UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| *versus* | : |
| | : |
| KENTRELL D. GAULDEN | :  CRIMINAL NO. 21-14-SDD-SDJ |
| a/k/a "YoungBoy Never Broke Again" | : |
| a/k/a "NBA YoungBoy" | : |
| a/k/a "YB" | : |

UNITED STATES' MEMORANDUM OF FACT AND LAW
IN RESPONSE TO COURT'S BRIEFING ORDER

Pursuant to the Court's December 20, 2021, Briefing Order, the United States of America, through undersigned counsel submits this Memorandum of Fact and Law.[1]

I. INTRODUCTION

The Fourth Amendment secures people "in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. A warrant issued by a neutral and detached judicial officer, based upon probable cause, and describing the place to be searched and the items or persons to be seized is the epitome of reasonableness under the Fourth Amendment. *See e.g., Riley v. California*, 573 U.S. 373, 381-82 (2014). Corporal Joshua Barnett ("Barnett") did exactly what the Fourth Amendment encourages law enforcement to do: he drafted an affidavit and search warrant, in the middle of an ongoing and chaotic crime scene, and through the state-court-approved Cloud Gavel system presented it electronically to a neutral and detached State district judge, Judge Tiffany L. Foxworth-Roberts, who found probable cause and

---

[1] The facts relating to the questions at hand have all been well-adduced in the United States' prior briefing and during the Suppression Hearing. For the sake of brevity, we incorporate by reference the facts set out in the Government's original opposition (R. Doc. 66) and its Post-Hearing Brief (R. Doc.157).

1

legal sufficiency to issue the warrant. Because Barnett reasonably, and in good faith, relied upon the search warrant, suppression is inappropriate.[2] *See United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003). *See also United States v. Leon*, 468 U.S. 897, 923-24 (1984) ("there is literally nothing more the policeman can do in seeking to comply with the law."). *See also Stone v. Powell*, 428 U.S. 465, 498 (1976) ("Imposing an admittedly indirect 'sanction' on the police officer in that instance is nothing less than sophisticated nonsense.")) (Burger, C.J. concurring).

## II.     RESPONSES TO THE COURT'S QUESTIONS

1) Is Corporal Barnett's affidavit submitted to the State district judge when seeking the Search Warrant for a camera and SD cards belonging to Marvin Ramsey incorporated into the duly issued Search Warrant?

The United States acknowledges similarities between this case and *Groh v. Ramirez*, 540 U.S. 551 (2004), and the controlling nature of Supreme Court precedent. Like *Groh*, the Search and Seizure Warrant in this case was less specific regarding the items to be seized than the particular description found in Barnett's Affidavit. *See id.* at 554. In *Groh,* the Supreme Court held "cross-referencing" other documents that led to the judicial officer approving the search warrant is permissible but found that the search warrant in *Groh* did not contain adequate incorporation language. *Id.* at 557.

The Supreme Court did not detail the actual language used in the *Groh* search warrant and, so, it may be distinguishable on that point. Here, the duly issued Search Warrant twice references Barnett's Affidavit. In pertinent part, the first line of the Search and Seizure Warrant states "**AFFIDAVIT HAVING BEEN MADE BEFORE ME BY** [Barnett] of the Baton Rouge

---

[2] As set forth in prior briefing and explained at the hearing, the United States continues to maintain that Defendant lacks standing to contest the search and seizure of video footage and images.

Police Department." *See* Def. Hg. Ex. 26 (emphasis in original). Further down the first page Judge Foxworth-Roberts states "… **the affidavit submitted in support of this Search Warrant shows the necessary probable cause** for its issuance." *Id.* (emphasis added). Because neither reference expressly incorporates Barnett's Affidavit, the Supreme Court guidance questions, but does not foreclose, this Court finding that Barnett's affidavit is incorporated.

      2) If Corporal Barnett's affidavit is incorporated into the duly issued Search Warrant, does the incorporation cure any perceived lack of particularity?

An affidavit incorporated into a search and seizure warrant may cure a warrant lacking particularity. *See e.g., Groh*, 540 U.S. 551, 557 (collecting Circuit cases); *United States v. Allen*, 625 F.3d 830, 836 (5th Cir. 2010); *Evans v. Davis*, 875 F.3d 210, 221 (5th Cir. 2017) (denying habeas and holding that Magistrate signing a more particular affidavit distinguishes *Groh*); *United States v. Cook*, 657 F.2d 730, 736 (5th Cir. Unit A 1981); *United States v. Marvin*, MO-12-CR-229, 2013 WL 12099042 at * 4 (W.D. Tx. 2013).

      3) Does the duly issued Search Warrant authorization to seize the camera belonging to Ramsey extend to the right to search?

The Search and Seizure Warrant's plain language states, in pertinent part, "[t]he purpose and reason for the search is to find and seize item(s) listed above." *See* Def. Hg. Ex. 26 at 3. The warrant commands Barnett "to **search forthwith** the aforesaid property [Ramsey's camera, SD cards, and Macbook Pro computer] for the property specified [evidence of the enumerated felony offenses] … seize it and hold them safe pending further orders of the court." Def. Ex. 26 at 3 (emphasis added). Thus, the Search and Seizure Warrant unquestionably allowed a search.

3

### III.  CONCLUSION

Post-*Groh* the Supreme Court has adhered to longstanding law that suppression is not a required outcome even when there is a Fourth Amendment violation. *See Herring v. United States*, 555 U.S. 135, 141 (2009). Here, no such violation arose. In this case, officers sought and obtained search and seizure warrants. A neutral and detached judicial officer, who reviewed Barnett's Affidavit and found it constitutionally sound, issued the Search and Seizure Warrant. The language in the warrant may not be a model of technical clarity.[3] However, there is no constitutional requirement that an affiant, who is a police officer and not lawyer or judge abreast of legal refinements, to masterfully craft language or provide elaborate detail concerning the item to be searched– especially in this case where Barnett was writing his affidavit in the middle of a chaotic crime scene. E.g., *Illinois v. Gates*, 462 U.S. 213, 235 (1983) (reiterating that Search Warrants are drafted by non-lawyers in the middle of crime scenes). Nor is an officer required to make a rigorous determination that an Affidavit made in good faith meets Supreme Court requirements for incorporation. *See e.g., Gant*, 759 F.2d 484, 489 (5th Cir. 1985).

Barnett's affidavit which, the Judge read in full before affixing her signature, requested permission "to look through the Sony 7R Camera, SD cards, and Mackbrook [sic] pro to help

---

[3] Upon the Court's questioning, Barnett testified that the Cloud Gavel system permits him to write his "paragraph and then it pretty much copies it into the format and it all gets sent to the Judge." *See* Hg. Tr. Day 3 at 140:25-141:21. In response to Mr. Morris's re-cross examination, Barnett explained that contents of the court's order is "already in the same system" and once he types in the "little phrase boxes that you type individually [Cloud Gavel] plugs it in." *Id.* at 142:20-24. The distinction is pertinent to the question at hand because it shows that Barnett provided specificity related to what officers sought to search where he could. For example, in his affidavit Barnett referenced the make, model and serial number of Marvin Ramsey's camera, described the SD cards by where they were found and how they connected to Ramsey – in the camera found on Ramsey, in a Cadillac Escalade within a bag for the same camera found on Ramsey's person (a Sony 7R), along with a .45 Glock magazine (same weapon found on Ramsey's person) and a letter addressed to Ramsey. *See* Def. Ex. 26 at 2. *See also* Hg. Tr. Day 3 at 131:5-17.

determine who had possession of which firearm." Barnett testified to his belief that Judge Foxworth-Roberts' Search and Seizure Warrant granted him permission to search the items identified specifically in his Affidavit. *See id.* at 131:8-25. The fact Judge Foxworth-Roberts referred to Barnett's Affidavit as the grounds for granting the Search and Seizure Warrant bolsters this "good faith" belief. *See Allen*, 625 F.3d 830, 837 (crediting Agent's testimony that he believed warrant valid upon Magistrate's signature a central factor in determining "good faith"). *See also e.g., United States v. Gant*, 759 F.2d 484, 488 (5th Cir. 1985) ("[t]he proper test … is not what the district court judge would have done if the affidavit had been presented to [them]").

*Allen* is particularly instructive. There, the Circuit deemed the warrant language flawed, and found the more detailed exhibit was not incorporated, but it still held that the "good faith" exception applied and affirmed the district court's denial of the suppression motion because the judicial officer had signed the affidavit. *See Allen*, at 838, 842; *See also Evans*, 875 F.3d at 221 (5th Cir. 2017) (denying habeas and holding that Magistrate signing a more particular affidavit distinguishes *Groh*). Thus, Fifth Circuit precedent supports this Court reaching the same outcome.

The case at bar illustrates sound police work under difficult conditions and exemplifies the officers' "good faith" in executing the Search and Seizure Warrant while simultaneously maintaining their oath to uphold the Fourth Amendment. None of the reasons underlying the judicially-created suppression rule apply – in particular, intentional police conduct rising to the level of patent unconstitutionality occurred. *See Herring*, 555 U.S. at 143.

In sum, Defendant lacks standing to contest the search. If he had standing, Defendant has not met his burden to demonstrate that the judicially authorized warrant was unconstitutional.

5

And, further assuming defendant could do so, the "good faith" exception applies. Accordingly, there is no basis to suppress under well-established Supreme Court and Fifth Circuit precedent. This Court should deny Gaulden's Motion.

                                 UNITED STATES OF AMERICA, by

                                 RONALD C. GATHE, JR.
                                 UNITED STATES ATTORNEY

                                 /s/ William K. Morris
                                 William K. Morris, LBN 28694
                                 Assistant United States Attorney
                                 777 Florida Street, Suite 208
                                 Baton Rouge, Louisiana 70801
                                 Telephone: (225) 389-0443
                                 Fax: (225) 389-0561
                                 E-mail: william.morris2@usdoj.gov

                                 /s/ Kenneth P. Kaplan
                                 Damaré Theriot, DCBN 1013801
                                 Kenneth P. Kaplan, DCBN 460614
                                 Trial Attorneys
                                 Organized Crime and Gang Section
                                 U.S. Department of Justice
                                 1301 New York Avenue, N.W.
                                 Washington, D.C. 20005
                                 Tel: 202-514-0032
                                 E-mail: damare.theriot@usdoj.gov
                                           kenneth.kaplan@usdoj.gov