UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                          CRIMINAL ACTION

VERSUS                                                                              21-14-SDD-SDJ

KENTRELL D. GAULDEN

### RULING

This matter is before the Court on the *Motion for Reconsideration*[1] filed by the United States ("the Government"). Kentrell Gaulden ("Gaulden") filed an *Opposition*[2] to this *Motion,* and the Government filed a *Reply.*[3] For the reasons set forth below, the Government's *Motion* is denied.[4]

### I.    LAW AND ANALYSIS

Gaulden filed a *Motion to Suppress*[5] in June 2021. The Court held a three-day evidentiary hearing.[6] The Court ordered the parties to file post-hearing briefs,[7] and both parties complied.[8] The Court then requested supplemental briefing,[9] which both parties filed.[10] The Government requests reconsideration of the Court's *Ruling*[11] on the *Motion to Suppress.*

---

[1] Rec. Doc. No. 175.
[2] Rec. Doc. No. 177.
[3] Rec. Doc. No. 180.
[4] Rec. Doc. No. 175.
[5] Rec. Doc. No. 53.
[6] Rec. Doc. Nos. 130, 133, 140.
[7] Rec. Doc. No. 140.
[8] Rec. Doc. Nos. 156, 157.
[9] Rec. Doc. No. 160.
[10] Rec. Doc. Nos. 161, 162.
[11] Rec. Doc. No. 164.

As recently summarized by a court in the Eastern District of Texas:

> Motions to reconsider serve a limited purpose: to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence. Mere disagreement with a district court's order does not warrant reconsideration. A party should not restate, recycle, or rehash arguments that were previously made. District court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.[12]

Further, motions to reconsider serve a narrow purpose.[13] "Such requests are often made, but granting the relief is rare, as it is an extraordinary remedy [and] should be used sparingly."[14] "Motions for reconsideration are not to be used to relitigate old matters or to present evidence that could have been raised prior to entry of judgment."[15] A motion for reconsideration "is not a device to be used to raise arguments that could and should have been urged earlier or to rehash arguments already made and previously rejected."[16] Rather, "litigants are expected to present their strongest case when the matter is first considered."[17]

The Government "raises two arguments on the issue of standing that, regrettably, were not fully briefed in the Government's [prior] filings…."[18] The Government asserts that the "Court should thus reconsider its ruling—despite the United States' failure to adequately bring these issues to the Court's attention before issuance of the ruling—to avoid a miscarriage of justice."[19]

---

[12] *United States v. Chasteen*, 2021 WL 1721809, at *1 (E.D. Tex. Apr. 30, 2021) (cleaned up).
[13] *Nationalist Movement v. Town of Jena*, 321 Fed. Appx. 359, 365 (5th Cir.2009).
[14] *United States v. Lopez*, 817 F. Supp. 2d 918, 932 (S.D. Miss. 2011) (internal citations omitted).
[15] *Id*.
[16] *United States v. Mack*, 2016 WL 70825, at *1 (M.D. La. Jan. 6, 2016).
[17] *State of Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).
[18] Rec. Doc. No. 175-1, p. 1.
[19] *Id*. at 2.

Document Number: 70377

The Court will deny the Government's *Motion*. The Government fails to explain how a miscarriage of justice will occur if the Court does not grant its *Motion*. Rather, the Government simply offers two additional arguments in support of its original *Opposition*. But the time to raise those arguments has passed, and the Government could have done so in its *Opposition*, at the three-day hearing, in its post-hearing brief, or in the supplemental post-hearing briefs. Fourth Amendment standing is not a jurisdictional prerequisite; it is a part of the defendant's substantive case.[20] The Court addressed standing at length in its prior *Ruling*,[21] and the Government fails to show that the Court committed a manifest error of law or fact.

## II.   CONCLUSION

For the reasons set forth above, the Government's *Motion*[22] is denied.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 24, 2022.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[20] *Byrd v. United States*, 138 S. Ct. 1518, 1530 (2018).
[21] Rec. Doc. No. 164, p. 8–20.
[22] Rec. Doc. No. 175.