UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| *versus* : | |
| : | |
| KENTRELL D. GAULDEN : | CRIMINAL NO. 21-14-SDD-SDJ |
| a/k/a "YoungBoy Never Broke Again" : | |
| a/k/a "NBA YoungBoy" : | |
| a/k/a "YB" : | |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND CONDITIONS OF RELEASE**

The United States of America by Ronald C. Gathe, Jr., United States Attorney for the Middle District of Louisiana, through William K. Morris, Assistant United States Attorney, respectfully submits this memorandum in opposition to the defendant's motion to amend conditions of pretrial release that was filed on July 18, 2022.

**I.      Suppression of Evidence**

On July 22, 2022, the Government filed a notice of appeal of this court's ruling on the defendant's motion to suppress.    The defendant cites the suppression of evidence contained on SD cards in Marvin Ramsey's camera as a material change in circumstance.    While "the judicial officer may at any time amend the order to impose additional or different conditions of release" under 18 U.S.C. Section 3142(c)(3), the merits of the defendant's motion fail when considering applicable law with regards to the suppressed evidence as it relates to the defendant's conditions of pretrial release.    The evidence to be considered by the court has not changed until the 5th Circuit issues a ruling after the Government's appeal.    "The rules

1

concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [suppression] hearing." 18 U.S.C. 3142(f). Furthermore, the detention statute directs the court to consider the "weight of the evidence against the person," not the weight of the *admissible* evidence. In *US v. Hightower*, the Tenth Circuit upheld a district court's decision not to release the defendant after suppressing evidence. The Government filed an appeal of the suppression order. The district court "determined that the suppressed evidence could be considered for detention purposes pending [the appellate] court's final decision on the suppression order." 203 F.3d 836 (5th Cir. 2000) (unpublished). On appeal, the Tenth Circuit agreed that "until the validity of [the suppression] order has been decided [on appeal], . . . we consider the facts sought to be suppressed as if admissible." *Id.* Therefore, this court's suppression of evidence in the instant case should have no bearing on the court's consideration of the defendant's motion to amend conditions of release.

## II. Verdict in the Central District of California

While the defendant was acquitted by a jury in his separate felon in possession of a firearm trial in the Central District of California, the fact remains that the defendant fled from the police while there was a firearm in his vehicle. These facts remain undisputed by the defendant. R. Doc. 214-1, p. 5. These facts are still relevant for the Court's consideration as to whether there are "conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. 3142(e).

### III.     Violations of Conditions of Release

On October 27, 2021, this Court signed an order setting forth the conditions of the defendant's pretrial release.    Condition Number (11) provided that "[t]he Defendant shall submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.    The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing."    Condition Number (13) required that "[t]he Defendant is restricted to 24-hour-a-day lock-down at his residence except for medical necessities and court appearances or other activities specifically approved by the court. (Home Incarceration)."

With regards to Condition Number (11), the undersigned has learned that on July 21, 2022, three days after the filing of the defendant's motion to amend conditions of release, the United States Probation Officer (USPO) for the District of Utah contacted the defendant for a drug screen.    The defendant was instructed to report in person prior to 4:00 pm on July 22, 2022.    After consulting with his attorney, he reported to the USPO he had not renewed his driver's license, did not have a ride, and would not make the test.    On July 26, 2022, after being directed to report to the pretrial office for a drug screen, the defendant called and stated his driver was in an automobile accident.    The defendant reported his driver was found to have an expired driver's license and they were not allowed to leave with the vehicle.    The USPO suggested the defendant take an Uber; however, the defendant returned home.    The defendant did ultimately report to the pretrial office and submitted to a urine screen.    During

the screen, the observing officer noticed a device was being used to allow the urine into the testing cup. When questioned, the defendant pulled up his pants quickly. The defendant denied using a device and would not comply with the officers attempts to view the device. The defendant was informed that the test would be negated, and a second sample would be required. After the request, the defendant was allowed to get water. The defendant was instructed to remain in the lobby and not leave for any reason; however, the defendant left the office without permission prior to providing a second sample. On July 27, 2022, the defendant reported to the probation office with his attorney. The defendant provided a urine sample which returned positive for THC. Upon questioning from the USPO, the defendant reported he had been using a CBD vape pen for the entirety of his pretrial supervision. The defendant reported he took an at home drug screen the prior week which showed he was positive, and he panicked about doing the drug screen. The defendant denied attempting to use a device to pass the drug screen.

      With regards to Condition Number (13), the undersigned has learned that on July 9, 2022, the defendant travelled to Los Angeles, California, for trial in the Central District of California. The defendant rented an Airbnb located at 727 North Beverly Glen Boulevard, Los Angeles, California. Following trial, on July 16, 2022, the attorney for the defendant made several attempts to contact the USPO for the purpose of requesting that the defendant be allowed to travel to APG Music Studios from 3:30 pm until 10:00 pm. As no contact was made, permission was not granted. However, the defendant travelled to this studio beginning approximately 5:00 pm and remained until approximately 1:00 am on July 17, 2022. The day following this violation, the defendant filed his motion to amend conditions

of release.

The defendant's flagrant violations of his terms of pretrial release, that he committed around the date of filing his motion to amend conditions of pretrial release, suggest that he should not be rewarded with a relaxation of his conditions of release, but would instead benefit from more stringent conditions to include an increase in drug testing frequency as well as drug treatment.

WHEREFORE, the Government respectfully requests the Court deny the defendant's motion to amend conditions of pretrial release and add conditions that are more likely to "reasonably assure the appearance of the person as required and the safety of any other person and the community."   Furthermore, the Government respectfully requests that the defendant appear in Court and be admonished for his violations of the terms of his pretrial release.

Respectfully submitted,

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

/s/ William K. Morris
William K. Morris LABN: 28694
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: william.morris2@usdoj.gov