UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 21-14-SDD-SDJ |
| | : | |
| KENTRELL D. GAULDEN | : | |
| a/k/a "YoungBoy Never Broke Again" | : | |
| a/k/a "NBA YoungBoy" | : | |
| a/k/a "YB" | : | |

## UNITED STATES' BRIEF REGARDING STAY

The Court stayed this and other cases charged under the felon-in-possession statute, 18 U.S.C. § 922(g)(1), pending the Supreme Court's decision in *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (June 21, 2024), regarding the constitutionality of another statute, 18 U.S.C. § 922(g)(8), which criminalizes the possession of firearms by a person subject to a domestic violence restraining order. The *Rahimi* decision, which held that Section 922(g)(8) is constitutional both on its face and as applied to Rahimi, was issued on June 21, 2024.

The Court's stay order in this case requires the parties to file briefs within 14 days of the *Rahimi* decision addressing whether the stay should be continued. As explained below, the stay should be lifted.

### I. State of the Law Before *Rahimi*

More than two decades ago, the Fifth Circuit rejected a Second Amendment challenge to Section 922(g)(1). *See United States v. Darrington,* 351 F.3d 632, 634 (5th Cir. 2003). That decision and its progeny are binding on this Court "unless overruled en banc or by the United States Supreme Court." *Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1121 n.8 (5th Cir. 1992). Such an overruling must be unequivocal. *See In re Bonvillian*

1

*Marine Service, Inc.*, 19 F.4th 787, 792 (5th Cir. 2021) ("Thus, for a Supreme Court decision to change our Circuit's law, it must be more than merely illuminating with respect to the case before the court and must unequivocally overrule prior precedent.") (cleaned up).

When the Supreme Court issued its decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), defendants began to argue that the *Darrington* line of cases had been overruled. In one case in this district, the Court struck down the felon-in-possession statute as applied, holding that *Bruen* rendered *Darrington* and its progeny "obsolete." *See United States v. Leblanc*, --- F.Supp.3d ----, 2023 WL 8756694, at *4 (M.D. La. Dec. 19, 2023), *appeal docketed*, No. 24-30036 (5th Cir. Jan. 16, 2024). As a result, the United States consented to stays in cases raising *Bruen* issues with the hope that the *Rahimi* decision would clarify Second Amendment law.

## II.     The *Rahimi* Decision

*Rahimi* did just that. The Court explained that, "[s]ince the founding, our Nation's firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms." 2024 WL 3074728, at *5. Those provisions include surety laws, which authorized magistrates to "require individuals suspected of firearm misbehavior to post a bond," and going armed laws, which "provided a mechanism for punishing those who had menaced others with firearms." *Id*. at *8-*9. The Court concluded that, "[t]aken together, the surety and going armed laws confirm" that, "[w]hen an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed." *Id*. at *9. The Court acknowledged that "Section 922(g)(8) is by no means identical to those founding era regimes" but explained that "it does not need to be": the "prohibition on the possession of firearms by those found by a court to present a threat to others fits neatly

2

within the tradition the surety and going armed laws represent." *Id*.

The eight-member majority opinion in *Rahimi* repeated what the Court has said before: prohibitions "on the possession of firearms by 'felons and the mentally ill' are 'presumptively lawful.'" Id. at *10 (quoting *District of Columbia v. Heller,* 554 U.S. 570, 626, 627 n.26 (2008)) (comma omitted).

### III. *Rahimi*'s Impact on Need for Stay

#### A. Fifth Circuit Precedent

After *Rahimi*, there is no room to argue that *Bruen* overruled Fifth Circuit precedent upholding Section 922(g)(1). The *Rahimi* opinion—joined by eight members of the Court—instructs that the disarmament of felons is presumptively constitutional. If the Supreme Court thinks that it is probably okay to prohibit felons from possessing firearms, then *Bruen* did not *unequivocally* hold otherwise. This Court should therefore lift the stay and deny defendant's motion to dismiss based on Fifth Circuit precedent.

#### B. Facial Constitutionality of Section 922(g)(1) After *Rahimi*

Aside from Fifth Circuit precedent, the facial constitutionality of Section 922(g)(1) is clear as day under *Rahimi*. To establish that the law is facially unconstitutional, the defendant must "establish that no set of circumstances exists under which the Act would be valid." 2024 WL 3074728, at *6 (quotation marks and citation omitted). The defendant cannot meet that burden after *Rahimi*. *Rahimi* holds that "the Second Amendment permits the disarmament of individuals who pose a credible threat to the physical safety of others." *Id*. at *7. In reaching that holding, the Court relied on going armed laws that allowed disarmament following a "judicial determination[] [that] a particular defendant . . . had threatened another with a weapon." *Id*. at *9. So, *at the very least*, the statute is

3

constitutional as applied to felons with convictions for using or threatening violence. That means that the statute is not facially unconstitutional. A continuation of the stay is therefore unnecessary as to defendant's facial challenge to the statute—based on *Rahimi*, the Court should find that the statute is facially constitutional.

### C.     Defendant's As-Applied Challenge to Section 922(g)(1) after *Rahimi*

This defendant is a violent felon, having been convicted of aggravated assault with a firearm. As such, using the rationale of *Rahimi*, Section 922(g)(1) is constitutional as applied to defendant. Individuals who have been convicted of violent crimes "pose a credible threat to the physical safety of others" and are properly subject to disarmament. Therefore, continuation of the stay is unnecessary to resolve defendant's as-applied challenge to the statute.

### IV.    Conclusion

For the foregoing reasons, there is no need to further stay this matter. The United States requests that the Court lift the stay and set a briefing schedule on defendant's motion to dismiss.

Respectfully submitted,

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

/s/ William K. Morris
William K. Morris, LBN 28694
Assistant United States Attorney
777 Florida Street
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
E-mail: william.morris2@usdoj.gov