UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| VERSUS | ) ) ) | CRIMINAL ACTION |
| KENTRELL GAULDEN | ) ) | No.: 21-14-SDD-SDJ |
| _____ | ) ) ) | |

## DEFENDANT'S BRIEF REGARDING STAY POST-RAHIMI

On May 3, 2024, in Doc. No. 269, the Court ordered the parties to file within 14 days from the Supreme Court's rendering a decision in the Rahimi case a brief stating whether this case should be unstayed and the defendant's Motion to Dismiss Indictment be set for oral argument, or whether the stay should continue until the Fifth Circuit renders a decision in United States v. Colette, No. 22-51062 (5th Cir.). On July 3, 2024, this Court extended the time to file that brief until August 5, 2024. Doc. 280.

The Supreme Court decided Rahimi on June 21, 2024. United States v. Rahimi, 602 U.S. – , 2024 WL 3074728 (6/21/24).  The opinion of the Court suggests that 18 U.S.C. § 922(g)(1)'s permanent and categorical prohibition on gun possession by a convicted felon would likely be found unconstitutional as applied absent an individualized finding that the person poses a credible danger or threat. Further, the *Rahimi* decision was limited in its holding to 18 U.S.C. § 922(g)(8), and specifically where a prior court, after the defendant had notice and an opportunity to be heard, was found to represent "a credible threat to the physical safety", *Rahimi* did not address the issue presented by Defendant's Motion to Dismiss in the present case. *Rahimi* at *32 (Gorsuch concurring). The Court goes on to explicitly state "we do not suggest that the Second

Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse", at *18. Therefore, the stay in this case should continue until the Fifth Circuit renders a decision in Colette, which does directly address the issues presented by Defendant's Motion to Dismiss.

922(g)(8) contains within it a requirement that the defendant be found, after notice and hearing, to be a credible threat, and that factor was clearly present in Rahimi, unlike 922(g)(1) which creates a categorical ban on any individual with a prior felony conviction of any type, without a specific finding of dangerousness for that individual. Moreover, the restriction placed on those to whom 922(g)(8) is applicable is temporary in nature as the prohibition on their possession of firearms lasts only as long as the underlying protective order. 922(g)(1) is not so narrowly tailored. Rather, 922(g)(1) applies to all convicted felons, without any special findings, and without a time limit.

Rahimi "conclude[d] only this: An individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." Rahimi, at *21. After Rahimi, it is still an open question whether Congress can simply prohibit all convicted felons, regardless of the nature of the felony, from possessing a firearm, or whether such prohibitions can be applied without individualized findings that a particular defendant presents a credible threat to the safety of others. And finally, it is an open question whether such prohibitions may be permanent.

The Rahimi decision repeatedly emphasizes that, post-Bruen, to evaluate the lawfulness of a regulation which regulates arms-bearing conduct, Courts "examine our 'historical tradition of firearm regulation' to help delineate the contours of the right." *Rahimi* at *10. The historical tradition of disarming individuals "found to threaten the physical safety of another", *Rahimi* at

*18, is not one which "broadly restricts arms use by the public generally". Id. 922(g)(8) "matches the surety and going armed laws, which involved judicial determinations of whether a particular defendant likely would threaten or had threatened another with a weapon," which 922(g)(1) does not. The historical analogues cited by the Supreme Court which support the constitutionality of 922(g)(8) do not apply to the broad restrictions of 922(g)(1), leaving the question unresolved post-Rahimi.

As there are pending cases before both the Fifth Circuit and the Supreme Court on the exact issue present here, specifically Garland v. Range, currently pending before the Supreme Court on the question of whether 922(g)(1) is constitutional, (Docket No. 23-374), and United States v. Colette, No. 22-51062 (5th Cir.), the need for further guidance on this issue and judicial economy favors maintaining the stay in this case.

Respectfully Submitted:

**THE FINDLING LAW FIRM P.C.**

/s/ Drew Findling
DREW FINDLING
Georgia Bar No. 260425
Admitted Pro Hac Vice
Attorney for Defendant
3575 Piedmont Road, N.E.
Tower 15, Suite 1010
Atlanta, GA 30305
(404) 460-4500 (Telephone)
(404) 460-4501 (Facsimile)
drew@findlinglaw.com

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VERSUS | ) | CRIMINAL ACTION |
| | ) | |
| KENTRELL GAULDEN | ) | No.: 21-14-SDD-SDJ |
| | ) | |
| | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing  DEFENDANT'S BRIEF

REGARDING STAY POST-RAHIMI with the Clerk of Court using the CM/ECF system, which

will send a notice of electronic filing to opposing counsel in the Unites States Attorney's Office.

    Baton Rouge, Louisiana this 5th day of August 2024

/s/ Drew Findling
DREW FINDLING
